******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

McDONALD, J., concurring. In *Munn* v. *Hotchkiss School*, 326 Conn. 540, 569–79, 165 A.3d 1167 (2017), this court determined that the trial court had not abused its discretion in denying a motion for remittitur of a damages award of approximately $41.5 million, $31.5 million of which were noneconomic damages. I wrote separately in that case to express my concern that our remittitur jurisprudence is internally inconsistent and fails to provide clear guidance as to the point at which a verdict should be deemed excessive. See id., 579–88 (*McDonald, J.*, concurring). I emphasized that the lack of objective guideposts for the review of noneconomic damages presented a particularly vexing problem and suggested that the legislature would be best suited to remedy this concern. As of yet, the legislature has taken no remedial action, leaving this court to fill the void.

The present case is a prime example of how objective guideposts result in more logical, consistent outcomes. By adopting the common sense presumption that a loss of consortium award ordinarily should not substantially exceed the corresponding wrongful death award to the directly injured spouse, this court was able to limit its review to considering whether the evidence demonstrated exceptional or unusual circumstances to justify a loss of consortium award almost four times as great as the wrongful death award. After we applied this standard, the result was clear.

I join the majority opinion but write separately to note that, under the current state of our law, the unpredictability of noneconomic damages awards will continue to exist in other circumstances. It appears that the *abuse of discretion* standard of review that we utilize to consider whether a trial court's order as to whether a verdict is *excessive as a matter of law* will remain a legal oxymoron in our jurisprudence unless and until the legislature clarifies its intent in General Statutes § 52-216a. Without restating it here, I continue to maintain my view on the subject as articulated in *Munn*.